UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                                           :

JAMES CURTIN and CATHLEEN CURTIN,     :
on behalf of plaintiffs and the class defined herein,  :
                                                                           :
                    Plaintiffs,            :        13-cv-3142 (NSR)
    -against-                                      :
                                                              :        MEMORANDUM OPINION
MITNICK LAW OFFICE, LLC and CRAIG R.     :        AND ORDER
MITNICK,
                                                              :
                   Defendants.          :
------------------------------------------------------------X

NELSON S. ROMÁN, United States District Judge

       Plaintiffs James and Cathleen Curtin ("Plaintiffs") brought this putative class action against the Mitnick Law Office, LLC and attorney Craig R. Mitnick ("Defendants") alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p ("FDCPA"). Before the Court are Plaintiffs' motion for class certification and Plaintiffs' motion to enter and continue the class certification motion until the Court sets an initial status hearing. Plaintiffs sought leave to file their motion for class certification six days after filing the complaint, and filed the motion seventeen days before Defendants filed an answer, to avoid having the class claims mooted by a Rule 68 Offer of Judgment or other tender because of the Seventh Circuit decision in *Damasco v. Clearwire Corp.*, 662 F.3d 891, 893, 896 (7th Cir. 2011) (finding moot a putative class action, filed in Illinois state court, where defendant made a pre-answer offer of judgment within 30 days of commencement of suit, defendant removed the action to federal court four days later, and plaintiff moved for class certification within hours of removal). However, *Damasco* is not controlling precedent in this Circuit, the Second Circuit has never adopted its rule, four other Circuits are in disagreement with it, *Pitts v. Terrible Herbst, Inc.*, 653

F.3d 1081, 1091–92 (9th Cir. 2011); *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1249–50 (10th Cir. 2011); *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 920–21 (5th Cir. 2008); *Weiss v. Regal Collections*, 385 F.3d 337, 348 (3d Cir. 2004), and most district courts facing the issue in this circuit have found that claims are not moot where Rule 68 offers are made before FDCPA plaintiffs have had a reasonable opportunity to move for class certification, *Thomas v. Am. Serv. Fin. Corp.*, No. 12-CV-4235 (ADS) (AKT), 2013 WL 1898954, at *7–9 (E.D.N.Y. May 7, 2013); *Herzlinger v. Nichter*, No. 09 Civ. 00192 (JSG) (PED), 2011 WL 4585251, at *8 (S.D.N.Y. Sept. 8, 2011), *adopted by* No. 7:09-CV-00192, 2011 WL 4575126, at *1 (S.D.N.Y. Oct. 3, 2011); *Morgan v. Account Collection Tech., LLC*, No. 05-CV-2131 (KMK), 2006 WL 2597865, at *4–8 (S.D.N.Y. Sept. 6, 2006); *Vega v. Credit Bureau Enters.*, No. CV-02-1550 (DGT), 2003 WL 21544258, at *2 (E.D.N.Y. July 9, 2003); *McDowall v. Cogan*, 216 F.R.D. 46, 51–52 (E.D.N.Y. 2003); *Nasca v. GC Servs. Ltd. P'ship*, 53 Fed. R. Serv. 1089, No. 01CIV10127 (DLC), 2002 WL31040647, at *2–3 (S.D.N.Y. Sept. 12, 2002); *White v. OSI Collection Servs., Inc.*, No. 01-CV-1343, 2001 WL 1590518, at *4–6 (E.D.N.Y. Nov. 5, 2001); *Schaake v. Risk Mgmt. Alts., Inc.*, 203 F.R.D. 108, 112 & n.4 (S.D.N.Y. 2001); *cf. 3081 Main Street, LLC v. Bus. Owners Liab. Team LLC*, No. 3:11-cv-1320, 2012 WL 4755048 (D. Conn. Sept. 24, 2012); *contra Greif v. Wilson, Elser, Moskowitz, Edelman & Dicker LLP*, 258 F. Supp. 2d 157, 161 (E.D.N.Y. 2003); *Edge v. C. Tech Collections*, 203 F.R.D. 85, 88 (E.D.N.Y. 2001); *Tratt v. Retreival Masters Credit Bureau, Inc.*, No. 00-CV-4560 (ILG), 2001 WL 667602, at *2 (E.D.N.Y. May 23, 2001); *Ambalu v. Rosenblatt*, 194 F.R.D. 451, 453 (E.D.N.Y. 2000).  The Court understands Plaintiffs' concerns, yet finds them to be unwarranted.

As there has been no Rule 26(f) conference, let alone any discovery, there is at this point insufficient evidence to conduct "a rigorous analysis," *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct.

2541, 2551 (2011) (internal quotation marks omitted), of the Rule 23(a) preconditions of "numerosity, commonality, typicality, and adequacy," *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, 546 F.3d 196, 201–02 (2d Cir. 2008). Accordingly, Plaintiffs' motion for class certification is premature, *3081 Main Street*, 2012 WL 4755048, and is therefore denied without prejudice to renewal after sufficient discovery has occurred to allow for the requisite rigorous analysis. Consequently, the motion to enter and continue the class certification motion is denied as moot. The Clerk of Court is respectfully requested to terminate the motions (Doc. 11 & Doc. 14).

Dated: Sept. 10, 2013
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge